UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:  0:18-cv-61791

BLAINE G. HARRINGTON III,

    Plaintiff,

v.

MOBOX MARINE, LLC AND CONNEX
SOCIAL LLC dba CONNEX DIGITAL
MARKETING,

    Defendants.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff BLAINE G. HARRINGTON III by and through undersigned counsel, brings this Complaint against Defendants MOBOX MARINE, LLC and CONNEC SOCIAL LLC dba CONNEX DIGITAL MARKETING for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1. Plaintiff BLAINE G. HARRINGTON III ("HARRINGTON"), brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Harrington's original copyrighted works of authorship.

2. Harrington is a travel/location photographer based in Denver, Colorado.  He is the 2005 and 2006 SATW Travel Photographer of the Year.  Harrington has worked on assignment for most major news, business, travel and inflight magazines.  With over forty years in business

(including working in Amsterdam, New York, Paris and Zurich), Harrington has expert knowledge of Europe, as well as most regions of the world.

3. Defendant MOBOX MARINE, LLC ("Mobox") is a company that manufactures and sells marine accessories, dock steps, and dock boxes.

4. Defendant CONNEX SOCIAL LLC dba CONNEX DIGITAL MARKETING ("Connex") created the website www.moboxmarine.com.

5. Defendants Mobox and Connex are herein referred to as "Defendants."

6. Harrington alleges that Defendants copied Harrington's copyrighted Work from the internet in order to advertise, market and promote their business activities. Defendants committed the violations alleged in connection with Defendants' businesses for purposes of advertising and promoting sales to the public in the course and scope of Defendants' businesses.

## JURISDICTION AND VENUE

7. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

8. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

9. Defendants are subject to personal jurisdiction in Florida.

10. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendant is subject to personal jurisdiction in this district.

## DEFENDANTS

11. Mobox Marine, LLC is a Florida limited liability company with its principal place of business at 401 East Las Olas Boulevard, Suite 130-319, Fort Lauderdale, Florida, 33301, and

can be served by serving its Registered Agent, Philip C. Rosen, 8551 West Sunrise Boulevard, Suite 208, Sunrise, Florida, 33322.

12. Connex Social LLC db/a Connex Digital Marketing is a Michigan limited liability company that can be served by its Registered Agent, Paul Kortman, 2885 Sanford Avenue SW, #30987, Grandville, Michigan, 49418.

### THE COPYRIGHTED WORK AT ISSUE

13. In 2007, Harrington created a photograph entitled "20070624_hawaii_0066", which is shown below and referred to herein as the "Work".



14. Harrington registered the Work with the Register of Copyrights on August 29, 2011 and was assigned the registration number VAu 1-077-015. The Certificate of Registration is attached hereto as Exhibit 1.

15. At all relevant times Harrington was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANTS

16. Defendants have never been licensed to use the Work at issue in this action for any purpose.

17. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied the Work.

18. Defendants copied Harrington's copyrighted Work without Harrington's permission.

19. After Defendants copied the Work, they made further copies and distributed the Work on the internet to promote the sale of goods and services as part of Mobox's marine accessories business.

20. Defendants copied and distributed Harrington's copyrighted Work in connection with Mobox's business for purposes of advertising and promoting Mobox's business, and in the course and scope of advertising and selling products and services.

21. Harrington's Work is protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

22. Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

23. Harrington never gave Defendants permission or authority to copy, distribute or display the Work at issue in this case.

24. Harrington notified Defendants of the allegations set forth herein on December 29, 2017 and January 30, 2018.  In response to one of these notices, Defendants informed

Plaintiff that Connex was responsible.  To date, the parties have failed to resolve this matter. Copies of the Notices to Defendants are attached hereto as Exhibit 3.

## COUNT I
## COPYRIGHT INFRINGEMENT

25. Plaintiff incorporates the allegations of paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. Harrington owns a valid copyright in the Work at issue in this case.

27. Harrington registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

28. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Harrington's authorization in violation of 17 U.S.C. § 501.

29. Defendants performed the acts alleged in the course and scope of their business activities.

30. Harrington has been damaged.

31. The harm caused to Harrington has been irreparable.

WHEREFORE, the Plaintiff prays for judgment against the Defendants that:

a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendants be required to pay Plaintiff his actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

c. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon; and

d. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: August 2, 2018  Respectfully submitted,

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com
ALEXANDER C. COHEN
Florida Bar Number:  1002715
alex.cohen@sriplaw.com

**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
4651 North Federal Highway
Boca Raton, FL  33431
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiff Blaine G. Harrington III*