# Exhibit 3



Joel B. Rothman
Board Certified in Intellectual Property Law

Direct: 561.404.4335
joel.rothman@sriplaw.com

December 29, 2017

Admitted to Practice

Florida, New York, Georgia and the
Federal Courts of
New York
Florida
Georgia
Colorado
Texas
Arkansas
Michigan
S.D. Mississippi
W.D. Tennessee
Washington DC
and the U.S. Dept. of Veterans Affairs

**VIA UPS AND EMAIL:   info@moboxmarine.com**
Mr. Douglas Peterson
Mobox Marine
401 East Las Olas Boulevard
Suite 130-319
Fort Lauderdale, FL 33301

**Re:   Blaine Harrington v. Mobox Marine**
      **Our File No.: 00288-0009**

Dear Mr. Peterson,

We write on behalf of our client Blaine Harrington III, a photographer, for purposes of resolving a case of copyright infringement against you by our client. This demand is privileged from disclosure pursuant to FRE Rule 408.

Please provide this letter to your general liability insurance carriers or other providers of insurance that may cover this claim and refer them to the enclosed demand pursuant to § 627.4137, Florida Statutes, for insurance information in this matter.

*Blaine Harrington III ("Harrington")*
Our client is an experienced professional photographer who makes a living from photography.  Harrington is a travel/location photographer, based in Denver, Colorado.  He is the 2005 and 2006 SATW Travel Photographer of the Year. Harrington has worked on assignment for most major news, business, travel and inflight magazines. With over forty years in business (including working in Amsterdam, New York, Paris and Zurich), Harrington has expert knowledge of Europe, as well as most regions of the world.

Harrington retains all copyrights to his photographs.  Harrington licenses his copyrighted works, such as the one in this case, for commercial use.

The work at issue is shown below.

Mobox Marine
December 29, 2017
Page 2



Harrington registered the Work with the Register of Copyrights on August 29, 2011 and was assigned the registration number VAu 1-077-015.

*Infringement by Mobox Marine*
The infringement at issue was identified on January 1, 2017. We have enclosed contemporaneous evidence of the infringement by Mobox Marine.

You have employed our client's image in at least the manner indicated in the evidence attached. Your unauthorized use commenced on at least the date indicated above. You are fully aware that the work you used is our client's work. No one from your company ever sought a license from our client to use the image for any purpose.

You have copied, displayed and distributed our client's image without permission, license or consent. The use of a creator's photographic image without written consent or license violates the United States Code, Title 17, and The Copyright Act. The Copyright Act provides for entry of an injunction directing removal of the offending materials pending litigation. This letter shall serve as formal notice that you immediately cease and desist all unauthorized uses of our client's image. Any such further uses shall be at your peril.

Mobox Marine
December 29, 2017
Page 3

If you possess a contract, license, agreement or writing on which you will rely for authorization of your use of our client's image, please provide us with this evidence so we may avoid further controversy or litigation. Otherwise, we will be forced to assume that your use violated the law.

*Damages*

Copyright law provides several different elements of compensation to Harrington when a work is infringed or altered. Section 504 permits Harrington to recover actual damages plus "any additional profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages," or statutory damages of up to $150,000 per work infringed. Harrington can present both damages theories to the jury and select the higher award any time prior to entry of judgment.

Academic studies have demonstrated that the use of good quality photographs more effectively market and advertise products and drive sales. Harrington's photographs are of the highest quality. Harrington's photographs are also scarce since he is one of the only sources of such quality photographs.

Harrington's damages are not limited to what he would have agreed to license the work for prior to the infringement. Rather, Harrington's actual damages will be measured by the fair market value of the photograph considering Mobox Marine's use to sell and promote its business. Harrington's actual damages must be measured in light of Mobox Marine's use of Harrington's high quality and unique photographs.

This is consistent with federal courts' approach to broadly construing the term "actual damages" to favor victims of infringement. See, e.g., *Davis v. Gap, Inc.*, 246 F.3d 152, 164 (2d Cir. 2001). The fair market value approach for calculating damages is an accepted approach to valuing the defendants' uses of photographs. See *Leonard v. Stemtech Int'l, Inc.*, Nos. 15-3198, 15-3247, 2016 U.S. App. LEXIS 15565 (3d Cir. Aug. 24, 2016). In addition, Harrington can offer evidence of the actual cost to take the photographs infringed on a time and materials basis.

Section 504 of the Copyright Act permits Harrington to recover actual damages plus "any additional profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." Therefore, Harrington will also be entitled to Mobox Marine's profits from the infringement, based upon the revenue Mobox Marine earned in connection with the use of Harrington's photograph.

Mobox Marine
December 29, 2017
Page 4


Alternatively, Harrington could seek statutory damages for infringement in an amount of up to $30,000.00 per work infringed. There is also the possibility that a judge or jury could determine that Mobox Marine's infringement was willful. If Mobox Marine's infringement was shown to be willful, the statutory damage award would increase to an amount up to $150,000 per work infringed.

*Demand*

In order to determine how to proceed, please provide us with information and documents showing:

1. the full nature and extent of the use of our client's image, in any and all formats;

2. representative copies in any and all tangible form and media in which our client's image were incorporated or employed; and

3. the source of the image;

Upon receipt of this information we will consider and determine an appropriate amount of compensation required to be paid to our client in compensation.

Please carefully consider this letter and the associated exhibits and provide them to your attorneys and insurance carriers. If we do not receive a response from you or a representative by January 17, 2018, we will take further steps to protect our client's rights. We look forward to your prompt response.

Sincerely,

**Schneider Rothman Intellectual Property Law Group, PLLC**

Joel B. Rothman
Board Certified in Intellectual Property Law

JBR/jcj
Enclosure



Located in the gorgeous Northwest, the Westport Marina is the Pacific Northwest's largest coastal marina, and as such, can accommodate 600 vessels of up to 200 feet with a water depth of 16 feet.

At the full-service Westport Marina, visitors can enjoy the outstanding fishing pier and boardwalk, the Westport Maritime Museum, plus the stunning views from Grays Harbor Bar or the marina's viewing platform.

#14 - Ala Wai Yacht Harbor, Waikiki, Hawaii



Ahh, Hawaii. Land of sun, volcanoes, and gorgeous beaches. If you find yourself near Waikiki, make sure to stop off at the Ala Wai Yacht Harbor. The harbor, which is close to the Hawaii Prince Hotel Waikiki & Golf Club, can accommodate vessels up to 85 feet with their 699 berths and 85 mooring spaces.

And, of course, since you're in Hawaii, you're going to want to explore the surrounding area. Visitors can walk to the beaches and parks at Ala Moana, shop at the Ala Moana Center, or take advantage of the absolutely stunning photo ops of Diamond Head.

# 15 - Tidewater Yacht Marina, Portsmouth, Virginia



Every year, thousands of visitors flock to Portsmouth to see this award winning marina. It's central location between Florida and New York makes it a convenient stopping off point, which is why it's not uncommon for over 4,000 people to visit it in any given year.

Once you've secured your birth, you're going to want to stretch your legs and check out the surrounding area. The marina's convenient location in Olde Towne means that it's an easy walk to museums, an art gallery, and the Old Harbor Market.

#16 - Bahia Mar Beach Resort & Yachting Center, Fort Lauderdale, Florida



**Joel B. Rothman**
Board Certified in Intellectual Property Law

Direct: 561.404.4335
joel.rothman@sriplaw.com

December 29, 2017

<u>Admitted to Practice</u>

Florida, New York, Georgia and the
Federal Courts of
New York
Florida
Georgia
Colorado
Texas
Arkansas
Michigan
S.D. Mississippi
W.D. Tennessee
Washington DC
and the U.S. Dept. of Veterans Affairs

**VIA UPS AND EMAIL:   info@moboxmarine.com**
Mr. Douglas Peterson
Mobox Marine
401 East Las Olas Boulevard
Suite 130-319
Fort Lauderdale, FL 33301

**Re:   Blaine Harrington v. Mobox Marine**
      **Our File No.: 00288-0009**

Dear Mr. Peterson,

We write pursuant to § 627.4137, Florida Statutes, to demand a response with insurance information for each known policy of liability insurance your clients may have that may provide coverage for all or a portion of our client's claims in this matter:

(a) The name of the insurer.

(b) The name of each insured.

(c) The limits of the liability coverage.

(d) A statement of any policy or coverage defense which such insurer reasonably believes is available to such insurer at the time of filing such statement, and

(e) A copy of the policy.

Thank you in advance for your anticipated cooperation.

Sincerely,

Joel B. Rothman
Board Certified in Intellectual Property Law

JBR/jcj



**Joel B. Rothman**
Board Certified in Intellectual Property Law

Direct: 561.404.4335
joel.rothman@sriplaw.com

January 30, 2018

<u>Admitted to Practice</u>
Florida, New York, Georgia and the
Federal Courts of
New York
Florida
Georgia
Colorado
Texas
Arkansas
W.D. Michigan
W.D. Tennessee
Washington DC
and the U.S. Dept. of Veterans Affairs

<u>**VIA EMAIL: info@moboxmarine.com**</u>

Mr. Douglas Peterson
Mobox Marine
1624 SW 4th Ct
Fort Lauderdale, FL 33312

Re:   **Harrington v. Mobox Marine**
      **Our File No.:  00288-0009**

Dear Mr. Peterson,

We write this follow up letter on behalf of our client Blaine G. Harrington III, for the purposes of resolving a case of copyright infringement against you by our client.  This demand is privileged from disclosure pursuant to FRE Rule 408.

Enclosed please find our prior letter dated December 29, 2017, wherein we detailed the basis of the copyright infringement claim against you, including the evidence of infringement.

We note that a review of the accused infringing webpage shows that the infringement has been removed.  However, this does not dispose of our client's claim.  It is imperative that you respond to us.  If we do not hear back from you, we will be forced to take further steps to protect our client's rights including by filing a lawsuit against you.  We also repeat our demand that you tender this claim to your insurance carrier. We look forward to your prompt response.

Sincerely,

**Schneider Rothman Intellectual Property Law Group, PLLC**

Joel B. Rothman
Board Certified in Intellectual Property Law

JBR/jcj
Enclosure