**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

BLAINE G. HARRINGTON III,

    Plaintiff,

vs.

Case No. 0:18-cv-61791

MOBOX MARINE, LLC and CONNEX
SOCIAL, LLC dba CONNEX DIGITAL
MARKETING,

    Defendants.
_____/

## DEFENDANTS' ANSWER TO THE COMPLAINT AND AFFIRMATIVE DEFENSES

NOW COME Defendants, Mobox Marine, LLC ("Mobox") and Connex Social, LLC dba Connex Digital Marketing ("Connex," and collectively with Mobox, "Defendants"), by and through their undersigned attorneys, and pursuant to the Federal Rules of Civil Procedure, file their Answer and Affirmative Defenses to Plaintiff's Complaint and state as follows:

### SUMMARY OF THE ACTION

1. Plaintiff, BLAINE G. HARRINGTON III ("HARRINGTON"), brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Harrington's original copyrighted works of authorship.

**Mobox's Answer:** This allegation calls for a legal conclusion, to which a response is not required. To the extent a response is required, denied.

**Connex's Answer:** This allegation calls for a legal conclusion, to which a response is not required. To the extent a response is required, denied.

2. Harrington is a travel/location photographer based in Denver, Colorado. He is the 2005 and 2006 SATW Travel Photographer of the Year. Harrington has worked on assignment

for most major news, business, travel and inflight magazines. With over forty years in business (including working in Amsterdam, New York, Paris and Zurich), Harrington has expert knowledge of Europe, as well as most regions of the world.

**Mobox's Answer:** Mobox neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

**Connex's Answer:** Connex neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

3. Defendant MOBOX MARINE, LLC ("Mobox") is a company that manufactures and sells marine accessories, dock steps, and dock boxes.

**Mobox's Answer:** Admitted.

**Connex's Answer:** Upon information and belief, admitted.

4. Defendant CONNEX SOCIAL LLC dba CONNEX DIGITAL MARKETING ("Connex") created the website www.moboxmarine.com.

**Mobox's Answer:** Denied.

**Connex's Answer:** Denied.

5. Defendants Mobox and Connex are herein referred to as "Defendants."

**Mobox's Answer:** Admitted.

**Connex's Answer:** Admitted.

6. Harrington alleges that Defendants copied Harrington's copyrighted Work from the internet in order to advertise, market and promote their business activities. Defendants committed the violations alleged in connection with Defendants' businesses for purposes of

advertising and promoting sales to the public in the course and scope of Defendants' businesses.

**Mobox's Answer:** This allegation calls for a legal conclusion, to which a response is not required. To the extent a response is required, denied.

**Connex's Answer:** This allegation calls for a legal conclusion, to which a response is not required. To the extent a response is required, denied.

## JURISDICTION AND VENUE

7. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

**Mobox's Answer:** Admitted only that the Complaint purports to state a claim under the Copyright Act of the United States, and expressly denied as to all other allegations contained in the paragraph, including denied as to any and all liability to Plaintiff.

**Connex's Answer:** Admitted only that the Complaint purports to state a claim under the Copyright Act of the United States, and expressly denied as to all other allegations contained in the paragraph, including denied as to any and all liability to Plaintiff.

8. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

**Mobox's Answer:** Admitted only that the Complaint purports to state claims pursuant to 28 U.S.C. §§ 1331, 1338(a), and expressly denied as to all other allegations contained in the paragraph, including denied as to any and all liability to Plaintiff.

**Connex's Answer:** Admitted only that the Complaint purports to state claims pursuant to 28 U.S.C. §§ 1331, 1338(a), and expressly denied as to all other allegations contained in the paragraph, including denied as to any and all liability to Plaintiff.

9. Defendants are subject to personal jurisdiction in Florida.

**Mobox's Answer:** Admitted to the extent that Mobox resides within this judicial district and transacts business in this judicial district, and expressly denied as to all other

allegations contained in that paragraph, including denied as to any and all liability to Plaintiff.

**Connex's Answer:** Denied.

10. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendant is subject to personal jurisdiction in this district.

**Mobox's Answer:** Admitted to the extent that Mobox resides within this judicial district and transacts business in this judicial district, and expressly denied as to all other allegations contained in that paragraph, including denied as to any and all liability to Plaintiff.

**Connex's Answer:** Denied.

## DEFENDANTS

11. Mobox Marine, LLC is a Florida limited liability company with its principal place of business at 401 East Las Olas Boulevard, Suite 130-319, Fort Lauderdale, Florida, 33301, and can be served by serving its Registered Agent, Philip C. Rosen, 8551 West Sunrise Boulevard, Suite 208, Sunrise, Florida, 33322.

**Mobox's Answer:** Admitted that this is the registered agent on file with the State of Florida for Mobox.

**Connex's Answer:** Admitted that this is the registered agent on file with the State of Florida for Mobox.

12. Connex Social LLC db/a Connex Digital Marketing is a Michigan limited liability company that can be served by its Registered Agent, Paul Kortman, 2885 Sanford Avenue SW, #30987, Grandville, Michigan, 49418.

**Mobox's Answer:** Admitted that this is the registered agent on file with the State of Michigan for Connex.

**Connex's Answer:** Admitted that this is the registered agent on file with the State of Michigan for Connex.

## THE COPYRIGHTED WORK AT ISSUE

13. In 2007, Harrington created a photograph entitled "20070624_hawaii_0066", which is shown below and referred to herein as the "Work".

**Mobox's Answer:** Mobox neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

**Connex's Answer:** Connex neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

14. Harrington registered the Work with the Register of Copyrights on August 29, 2011 and was assigned the registration number VAu 1-077-015. The Certificate of Registration is attached hereto as Exhibit 1.

**Mobox's Answer:** Mobox neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

**Connex's Answer:** Mobox neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

15. At all relevant times Harrington was the owner of the copyrighted Work at issue in this case.

**Mobox's Answer:** Mobox neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its

5

proofs.

**Connex's Answer:**   Connex neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

## INFRINGEMENT BY DEFENDANTS

16. Defendants have never been licensed to use the Work at issue in this action for any purpose.

**Mobox's Answer:**   Denied.

**Connex's Answer:**   Denied.

17. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied the Work.

**Mobox's Answer:**   Mobox neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

**Connex's Answer:**   Connex neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

18. Defendants copied Harrington's copyrighted Work without Harrington's permission.

**Mobox's Answer:**   Denied.

**Connex's Answer:**   Denied.

19. After Defendants copied the Work, they made further copies and distributed the Work on the internet to promote the sale of goods and services as part of Mobox's marine accessories business.

**Mobox's Answer:**   Denied.

**Connex's Answer:**   Denied.

20.     Defendants copied and distributed Harrington's copyrighted Work in connection with Mobox's business for purposes of advertising and promoting Mobox's business, and in the course and scope of advertising and selling products and services.

**Mobox's Answer:**   Denied.

**Connex's Answer:**   Denied.

21.     Harrington's Work is protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

**Mobox's Answer:**   Mobox neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

**Connex's Answer:**   Mobox neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information upon which to plead and leaves Plaintiff to its proofs.

22.     Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

**Mobox's Answer:**   Denied.

**Connex's Answer:**   Denied.

23.     Harrington never gave Defendants permission or authority to copy, distribute or display the Work at issue in this case.

**Mobox's Answer:**   Denied.

**Connex's Answer:**   Denied.

24. Harrington notified Defendants of the allegations set forth herein on December 29, 2017 and January 30, 2018. In response to one of these notices, Defendants informed Plaintiff that Connex was responsible. To date, the parties have failed to resolve this matter. Copies of the Notices to Defendants are attached hereto as Exhibit 3.

**Mobox's Answer:** Denied that Harrington notified both Defendants of the allegations. Admitted that Defendant Connex represented to counsel for Harrington that it had designed the site for Defendant Mobox. Admitted that the parties have failed to resolve this matter to date and denied as to all other allegations of this paragraph.

**Connex's Answer:** Denied that Harrington notified both Defendants of the allegations. Admitted that Defendant Connex represented to counsel for Harrington that it had designed the site for Defendant Mobox. Admitted that the parties have failed to resolve this matter to date and denied as to all other allegations of this paragraph.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

25. Plaintiff incorporates the allegations of paragraphs 1 through 24 of this Complaint as if fully set forth herein.

**Mobox's Answer:** Mobox restates and incorporates its responses to the above paragraphs of this Complaint as if set forth fully herein.

**Connex's Answer:** Connex restates and incorporates its responses to the above paragraphs of this Complaint as if set forth fully herein.

26. Harrington owns a valid copyright in the Work at issue in this case.

**Mobox's Answer:** Denied.

**Connex's Answer:** Denied.

27. Harrington registered the Work at issue in this case with the Register of

Copyrights pursuant to 17 U.S.C. § 411(a).

 **Mobox's Answer:** Denied.

 **Connex's Answer:** Denied.

28. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Harrington's authorization in violation of 17 U.S.C. § 501.

 **Mobox's Answer:** Denied.

 **Connex's Answer:** Denied.

29. Defendants performed the acts alleged in the course and scope of their business activities.

 **Mobox's Answer:** Denied.

 **Connex's Answer:** Denied.

30. Harrington has been damaged.

 **Mobox's Answer:** Denied.

 **Connex's Answer:** Denied.

31. The harm caused to Harrington has been irreparable.

 **Mobox's Answer:** Denied.

 **Connex's Answer:** Denied.

## **AFFIRMATIVE DEFENSES**

For their affirmative defenses, Defendants Mobox Marine, LLC and Connex Social, LLC dba Connex Digital Marketing assert and state as follows:

1. This Court does not have subject matter jurisdiction over Harrington's claim.

2. Harrington did not register the photo alleged to be infringed with the U.S. Copyright Office.

3. Harrington does not own a valid copyright registration for the alleged infringing

work.

4. Defendants' have not infringed any protectable element of Harrington's alleged copyright.

5. Harrington lacks standing to bring some or all of its asserted claims because Harrington is not the "legal or beneficial owner of an exclusive right under a copyright" under 17 U.S.C. § 501(b) for all of the copyrights asserted in this action due to prior assignments or licenses of copyright.

6. Harrington's claims are barred in whole or in part by licenses, express and implied, granted or authorized to be granted by the owners of the asserted copyrights, including licenses that expressly or impliedly permit the conduct alleged to be infringing by Harrington. Harrington has licensed individuals to make use of the asserted copyrighted images and has alleged no facts to show the alleged infringing acts were not committed by licensees of those copyrights.

7. Harrington's claims are barred in whole or in part by 17 U.S.C. § 107 and the doctrine of fair use because, to the extent Mobox or Connex have allegedly engaged in the unauthorized use of any copyrighted material, that use is a permitted fair use under the law. The use of Harrington's work is fair under the doctrine of fair use based on (1) purpose and character of Defendants' use, (2) nature of the copyrighted work, (3) amount taken and (4) market impact. The purpose and character of Defendants' use was transformative and creative, Harrington's work is factual and entitled to thin copyright protection, only a single image out of the thousands registered as part of Harrington's copyright was used, and, on information and belief, any use of the image had minimal, if any, impact on the market for Plaintiff's work. Given that, applying the factors of Section 107, some or all of Defendants' use, as alleged, constitute fair use.

8. Harrington's damages, if any, are limited by Defendants' innocent intent because Defendants at no time intended to infringe any copyright and were not aware and had no reason to believe that their actions, as alleged in the Complaint, constituted what Harrington alleges is an infringement of copyright.

9. Defendants' alleged limited use of the work at issue did not result in any additional profits to Defendants. To the extent Harrington can show any damages, such damages are nominal in nature.

10. Pursuant to 17 U.S.C. §412, Harrington is barred from recovering statutory damages or attorneys' fees in this lawsuit for copyright infringement of Harrington's alleged works.

11. Defendants' alleged actions were done without knowledge of Harrington's claim of copyright. Defendants removed the image at issue that Harrington alleges infringed his purported copyright from the www.moboxmarine.com website, and Defendants have no intent to produce, distribute or display that image, or any copyrighted work allegedly owned by Harrington, in the future. Harrington's request for injunctive relief is therefore moot.

WHEREFORE, Defendants, MOBOX MARINE, LLC and CONNEX SOCIAL, LLC dba CONNEX DIGITAL MARKETING, respectfully request that this Court enter an order in their favor, and against Plaintiff BLAINE G. HARRINGTON III as follows:

    A. That Plaintiff takes nothing by this action;

    B. That Plaintiff pay to Defendants their reasonable attorneys' fees and all other costs to defend this action; and

    C. All other relief that this Court deems just and proper.

## JURY DEMAND

Defendants hereby demand a trial by jury of all issues so triable.

Dated this 18th day of October, 2018.

          By:  s/ Gregory N. Woods
               Gregory N. Woods
               Florida Bar No. 175500
               gwoods@lawfirmnaples.com
               **WOODS, WEIDENMILLER, MICHETTI & RUDNICK, LLP**
               9045 Strada Stell Court, Suite 400
               Naples, FL 34109
               (239) 325-4070 – Telephone
               (239) 325-4080 – Facsimile
               *Attorneys for Defendants*

               G. Thomas Williams
               Michigan Bar No. P53734
               *Pro Hac Vice*
               pleadings@mcgarrybair.com
               **MCGARRY BAIR PC**
               45 Ottawa Ave. SW, Suite 700
               Grand Rapids, MI 49503
               (616) 742-3500 – Telephone
               (616) 742-1010 – Facsimile

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing has been filed with the Clerk of Court via the CM/ECF System, on this 18th day of October, 2018, which will send notification to the following counsel of record:

Joel B. Rothman, Esq.
Alexander C. Cohen, Esq.
Schneider Rothman Intellectual Property
Law Group, PLLC.
4651 North Federal Highway
Boca Raton, FL 33431
E-mail: joel.rothman@sriplaw.com
Alex.cohen@sriplaw.com

**WOODS, WEIDENMILLER, MICHETTI & RUDNICK, LLP**

By: s/ Gregory N. Woods
Gregory N. Woods
Florida Bar No. 175500
9045 Strada Stell Court, Suite 400
Naples, FL 34109
(239) 325-4070 – Telephone
(239) 325-4080 – Facsimile
gwoods@lawfirmnaples.com
mdipalma@lawfirmnaples.com
service@lawfirmnaples.com