UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 1:18-cv-61791-RNS

BLAINE G. HARRINGTON III,

    Plaintiff,

v.

MOBOX MARINE, LLC AND CONNEX
SOCIAL LLC DBA CONNEX DIGITAL
MARKETING,

    Defendants.

## MOTION TO STRIKE AFFIRMATIVE DEFENSES

Plaintiff BLAINE G. HARRINGTON III by and through undersigned counsel, respectfully submits this Motion to Strike Defendants Mobox Marine, LLC and Connex Social LLC dba Connex Digital Marketing's Affirmative Defenses [DE 15], and in support of this motion, states as follows:

### I.    INTRODUCTION

This is a copyright infringement case alleging infringement of photographs online by Defendants. This motion is occasioned by the Defendants' filing of eleven boilerplate, insufficient, and/or legally baseless affirmative defenses. See DE 15. Accordingly, pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff moves to strike the Defendants' affirmative defenses.

## II.     LEGAL STANDARD

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989).

Affirmative defenses must give the plaintiff fair notice of issues that may be raised at trial and must comport to Federal Rule of Civil Procedure 8(c). Affirmative defenses that set forth conclusory legal statements wholly devoid of any factual content to support them are insufficient. *Barry v. EMC Mortg.,* Civil Action No. DKC 10-3120, 2011 U.S. Dist. LEXIS 104265, at *13-15 (D. Md. Sep. 15, 2011).

"Affirmative defenses are insufficient as a matter of law if they do not meet the general pleading requirements of Rule 8(a) of the Federal Rule of Civil Procedure, which requires 'a short and plain statement' of the defense." *Mid-Continent Cas. Co. v. Active Drywall South, Inc.*, 765 F. Supp. 2d 1360, 1362 (S.D. Fla. 2011).

An affirmative defense may also be stricken as insufficient if: "(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Blount v. Blue Cross and Blue Shield of Fla., Inc*., Case No. 3:10-cv-1151-J-34MCR, 2011 U.S. Dist. LEXIS 20529, 2011 WL 672450 (M.D. Fla. Feb. 17, 2011).

A Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law. *Cordero v. Voltaire, LLC*, 2013 U.S. Dist. LEXIS 172532 *; 2013 WL 6415667 (W.D. Tx. 2013).

Boilerplate affirmative defenses that fail to set forth in "short and plain" terms the nature of the asserted defense and violate Rule 8's general pleading requirements.  *See, e.g., Bradshaw v. Hilco Receivables, LLC,* 725 F.Supp.2d 532, 536 (D.Md. 2010)(striking a defense that the defendant had "[a]t all times . . . acted in good faith"); *Francisco v. Verizon South, Inc.*, No.

3:09cv737, 2010 U.S. Dist. LEXIS 77083, 2010 WL 2990159, at *8 (E.D.Va. July 29, 2010) (granting a plaintiff's motion to strike a defense of "good faith efforts to comply with all applicable laws, rules, and regulations"); *Racick v. Dominion Law Assocs.*, 270 F.R.D. 228, 237 (E.D.N.C. 2010)(striking "estoppel" and "waiver" defenses as "bare legal conclusion[s]"); *Peoples State Bank of Wyalusing, PA v. Wellsburg Truck Auto Sales, Inc.*, No. 3:10-CV-433, 2010 U.S. Dist. LEXIS 125369, 2010 WL 4922877, at * 4 (M.D. Pa. Nov. 29, 2010) (striking a statute of frauds defense that did "not state in any way why Defendants [were] entitled to [it]" when Rule 8(b) requires a statement of the defense in "short and plain terms").

### III.   ARGUMENT

#### A. Defendants' First Affirmative Defense Should be Stricken

The first affirmative defense states this Court does not have subject matter jurisdiction. Subject matter jurisdiction is premised on federal question. Defendants admitted the relevant paragraphs in the Complaint. Therefore, there is no basis for this defense.

#### B. Defendants' Second Affirmative Defense Should be Stricken

Defendants' second affirmative defense asserts that "Plaintiff did not register the photo alleged to be infringed with the U.S. Copyright Office." This is not an affirmative defense because it simply provides a basis to negate plaintiff's *prima facie* case. This affirmative defense is also unsupported by any facts whatsoever and fails to satisfy Rule 8 pleading standards.

Affirmative defenses that do not provide fair notice of the nature and grounds of the defense should be stricken. *Stevens v. CoreLogic, Inc.,* No. 14-cv-1158-BAS-JLB, 2015 U.S. Dist. LEXIS 156161, at *11-12 (S.D. Cal. Nov. 17, 2015)(striking affirmative defenses to claims for removal of copyright management information where the defenses were "little more than a recitation of legal doctrines of questionable applicability to Plaintiffs' claims" since "mere

reference to a legal doctrine, nor a bare recitation of statutory provisions, provides fair notice of an affirmative defense.")

Registration is a requirement in this Circuit and part of plaintiff's *prima facie* case. See 17 U.S.C. § 411(a); *Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*, 856 F.3d 1338 (11th Cir. 2016). This affirmative defense should be stricken.

### C. Defendants' Third Affirmative Defense Should be Stricken

Defendants' third affirmative defense asserts that plaintiff's copyright is invalid. This is not an affirmative defense because it simply provides a basis to negate plaintiff's prima facie case. This affirmative defense is also unsupported by any facts whatsoever and fails to satisfy Rule 8 pleading standards.

Affirmative defenses that do not provide fair notice of the nature and grounds of the defense should be stricken. Stevens v. CoreLogic, Inc., No. 14-cv-1158-BAS-JLB, 2015 U.S. Dist. LEXIS 156161, at *11-12 (S.D. Cal. Nov. 17, 2015)(striking affirmative defenses to claims for removal of copyright management information where the defenses were "little more than a recitation of legal doctrines of questionable applicability to Plaintiffs' claims" since "mere reference to a legal doctrine, nor a bare recitation of statutory provisions, provides fair notice of an affirmative defense.")

### D. Defendants' Fourth Affirmative Defense Should be Stricken

Defendants' fourth affirmative defense asserts that Defendants did not infringe and has not infringed any of Plaintiff's works. This is not a proper affirmative defense and should be stricken.

A plaintiff must prove two elements to establish copyright infringement, (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. Feist

Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). Infringement is part of plaintiff's prima facie case.

Black's Law Dictionary defines an affirmative defense as a "matter asserted by defendant which, assuming the complaint to be true, constitutes a defense to it." Black's Law Dictionary, 6th ed. "A response to a plaintiff's claim which attacks the plaintiff's legal right to bring an action as opposed to attacking the truth of the claim." Id. An affirmative defense points out a defect in plaintiff's prima facie case is a general defense and not an affirmative defense. See PK Studios, Inc., 2016 U.S. Dist. LEXIS 116057 at *6-7 (M.D. Fla. Aug. 30, 2016).

This affirmative defense simply points out a claimed defect in plaintiff's prima facie case and is therefore improper.

### E. **Defendants' Fifth Affirmative Defense Should be Stricken**

Defendants' fifth affirmative defense asserts that Plaintiff does not have standing to sue. This is not a proper affirmative defense and should be stricken.

A plaintiff must prove two elements to establish copyright infringement, (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Ownership of copyright for standing is part of plaintiff's *prima facie* case.

Insofar as an affirmative defense points out a defect in plaintiff's prima facie case, it is a general defense and not an affirmative defense. See *PK Studios, Inc*., 2016 U.S. Dist. LEXIS 116057 at *6-7 (M.D. Fla. Aug. 30, 2016). This affirmative defense simply points out a claimed defect in plaintiff's *prima facie* case and is therefore improper.

### F. **Defendants' Eighth Affirmative Defense Should be Stricken**

Defendants' eighth affirmative defense asserts that "Defendants at no time intended to infringe any copyright and were not aware and had no reason to believe that their actions, as

alleged in the Complaint, constituted what Harrington alleges is an infringement of copyright. This is an improper affirmative defense and should be stricken.

There is no provision in the Copyright Act of 1976 which states that actual damages may be reduced because of a lack of knowledge on the part of the defendant. *See* 17 U.S.C. §504(b). "The Copyright Act is a strict liability regime under which any infringer, whether innocent or intentional, is liable." *Dellacasa, LLC v. John Moriarty & Assocs. of Fla.*, No. 07-21659-CIV-GOLD, 2007 U.S. Dist. LEXIS 84898, at *8 n.2 (S.D. Fla. Nov. 16, 2007). Thus, this is an improper affirmative defense and should be stricken.

### G. Defendants' Ninth Affirmative Defense Should be Stricken

Defendants' ninth affirmative defense asserts that defendants made no profit from the alleged infringement and that his damages are nominal.

This affirmative defense fails.  Plaintiff is not required to prove defendants obtained any benefit from infringement to recover.  Plaintiff's complaint seeks an injunction, not just damages, and therefore whether or not defendants benefitted from the infringement is irrelevant. Furthermore, nominal damages are not recoverable for copyright infringement [cite]

### H. Defendants' Tenth Affirmative Defense Should be Stricken

Defendants' tenth affirmative defense asserts that plaintiff is barred from recovering statutory damages or attorneys' fees. This is not an affirmative defense.

### I. Defendants' Eleventh Affirmative Defense Should be Stricken

Defendants' eleventh affirmative defense asserts that defendants were not aware and had no reason to believe that its acts allegedly violated copyright law. This is an improper affirmative defense and should be stricken.

There is no provision in the Copyright Act of 1976 which states that actual damages may be reduced or eliminated because of a lack of knowledge on the part of the defendant. *See* 17 U.S.C. §504(b). "The Copyright Act is a strict liability regime under which any infringer, whether innocent or intentional, is liable." *Dellacasa, LLC v. John Moriarty & Assocs. of Fla.*, No. 07-21659-CIV-GOLD, 2007 U.S. Dist. LEXIS 84898, at *8 n.2 (S.D. Fla. Nov. 16, 2007). Thus, this is an improper affirmative defense and should be stricken.

WHEREFORE, this Court should strike Mobox Marine, LLC and Connex Social LLC dba Connex Digital Marketing's affirmative defenses for the reasons set forth above.

DATED: November 8, 2018                     Respectfully submitted,


                                            /s/  Joel B. Rothman
                                            JOEL B. ROTHMAN
                                            Florida Bar No. 98220
                                            joel.rothman@sriplaw.com
                                            ALEXANDER C. COHEN
                                            Florida Bar No. 1002715
                                            alex.cohen@sriplaw.com

                                            **SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
                                            4651 North Federal Highway
                                            Boca Raton, FL  33431
                                            561.404.4350 – Telephone
                                            561.404.4353 – Facsimile

                                            *Attorneys for Plaintiff Blaine G. Harrington III*


## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on November 8, 2018, a true and correct copy of the foregoing document was served by electronic mail by the Court's CM/ECF System to all parties listed below on the Service List.

                                            /s/ Joel B. Rothman
                                            JOEL B. ROTHMAN

## SERVICE LIST

Mr. G. Thomas Williams
McGarry Bair PC
45 Ottawa Avenue SW
Suite 700
Grand Rapids, MI 49503
gtw@mcgarrybair.com
Attorney for Mobox Marine, LLC

Mr. Gregory N. Woods
Woods, Weidenmiller, MIchetti & Rudnick, LLP
9045 Strada Stell Court
Suite 400
Naples, FL 34109
gwoods@lawfirmnaples.com
Attorney for Connex Social LLC dba Connex Digital Marketing