IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

BLAINE G. HARRINGTON III,

      Plaintiff,

vs.                                    Case No. 0:18-cv-61791

MOBOX MARINE, LLC and CONNEX
SOCIAL, LLC dba CONNEX DIGITAL
MARKETING,

      Defendant.
_____/

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND
MEMORANDUM OF LAW IN SUPPORT**

Defendants, MOBOX MARINE, LLC and CONNEX SOCIAL, LLC dba CONNEX DIGITAL MARKETING (hereinafter collectively "Defendants"), by and through their undersigned counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure hereby move for summary judgment at to all claims of BLAINE G. HARRINGTON, III (hereinafter "Plaintiff"). Defendants respectfully submit that summary judgment must be entered as to all of Plaintiff's claims because Plaintiff does not have a registered copyright for the work in question. The grounds for this motion are more fully set forth in the following Memorandum of Law.

**MEMORANDUM OF LAW**

**I.**    **BACKGROUND**

On August 2, 2018, Plaintiff filed this suit asserting Defendants infringed his Copyright Registration VAu 1-077-015, registered on August 29, 2011. Plaintiff's claim was based upon Defendants' alleged use in a single blog post of Plaintiff's 2007 photograph named "20070624_hawaii_0066." [Doc. 47, ¶¶2-3]. The title of the work for Copyright Registration VAu 1-077-015 is indicated as "Blaine Harrington III Photography 20110427-20110808 10,845

1

Unpublished Photos." [Doc. 47, ¶4]. The registration indicates a "Date of Creation" of 2011. [Doc. 47, ¶5].

After receiving the Complaint, Defendants' counsel reached out to Plaintiff's counsel and requested a copy of the deposit material for the copyright registration. [Doc. 47, ¶7]. On October 3, 2018, Plaintiff's counsel replied, provided a single photograph, and identified it as "the deposit material being asserted." [Doc. 47, ¶8]. When asked for a complete copy of the deposit materials, believed to be 10,845 photographs based upon the title of the registration, Plaintiff's counsel replied that he did not have the full deposit material available, and that Defendants counsel should request the materials directly from the Copyright Office (for a fee). [Doc. 47, ¶9]. Defendants did so, and received their expedited, certified copy of the deposit material on December 10, 2018. The deposit material does contain 10,845 photographs, however none of them is the "20070624_hawaii_0066" alleged to be infringed. [Doc. 47, ¶¶12-18]. Defendants now move for summary judgment because the asserted photograph has not been registered and this Court does not have jurisdiction over Plaintiff's complaint.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides that:

> A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a).

Summary judgment is designed to secure a speedy, just, and inexpensive resolution in appropriate cases. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Summary judgment is proper where there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

2

242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party cannot establish a genuine issue of material fact by mere denials or assertions that a fact is challenged. *A.L. by and through D.L. v. Walt Disney Parks and Resorts US, Inc.*, 900 F.3d 1270, 1289 (11th Cir. 2018), *citing Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574 (1986). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Casa Dimitri Corp. v. Invicta Watch Co. of Am., Inc.*, 270 F. Supp. 3d 1340, 1348 (S.D. Fla. 2017), *citing Anderson,* 477 U.S. at 252. If no reasonable jury would return a finding in favor of a party on an issue, the district court is obligated to grant partial or complete summary judgment. *Warner-Jenkinson Co. v. Hilton Davis Chem. Co*, 520 U.S. 17, 39 n.8 (1997). Summary judgment is proper when there is no genuine issue of material fact when viewing "the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion." *Code Revision Comm'n for Gen. Assembly of Georgia v. Public.Resource.Org, Inc.*, 906 F.3d 1229, 1235 (11th Cir. 2018), *citing Shaw v. Conn. Gen. Life Ins. Co.*, 353 F.3d 1276, 1282 (11th Cir 2003).

III. **DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT BECAUSE THE ASSERTED COPYRIGHT REGISTRATION DOES NOT CONTAIN THE ASSERTED PHOTOGRAPH**

A. **Applicable Law**

Federal district courts have exclusive jurisdiction over copyright infringement actions. 28 U.S.C. § 1338(a). However, registration is a prerequisite for filing a copyright infringement action: "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411.

When registering an unpublished work, a copyright registration application shall include "one complete copy or phonorecord." 17 U.S.C. § 408(b)(1). "A "complete copy" of an unpublished work is "a copy that represents the complete copyrightable content of the work being registered. … The copies deposited for registration should be physically undamaged." *Copyright Office Circular 40(a)*.

To establish a claim of copyright infringement, Plaintiff must prove: "(1) it owns a valid copyright in the [work] and (2) defendants copied protected elements from the [work]." *Code Revision*, 906 F.3d at 1229, *citing Peter Letterese And Assocs., Inc. v. World Inst. of Scientology Enters.*, 533 F.3d 1287, 1300 (11th Cir. 2008). As provided by the Copyright Act, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." *Watson v. K2 Design Grp., Inc.*, No. 15-CIV-61020, 2015 WL 4720797, at *2-3 (S.D. Fla. Aug. 7, 2015) (Bloom, J.) (*quoting* 17 U.S.C. § 411(a)). Failure to obtain a copyright registration prior to initiating suit must result in dismissal of a claim for copyright infringement. *Fourth Estate Public Benefit Corp. v. Wall-Street.com,* 2016 WL 9045625, at *1 (S.D. Fla. May 23, 2016) (Scola, R.).

    **B.**    **Application of Law to Facts**

In its Complaint, Plaintiff has alleged that Defendants infringed a photograph entitled "20070624_hawaii_0066" photograph, taken in 2007 ("Accused Work"). [Doc. 47, ¶2-4]. Plaintiff claims that the Accused Work was registered with the Register of Copyrights on August 29, 2011, in registration No. VAu 1-077-015 ("Asserted Registration"). [Doc. 47, ¶3]. The Asserted Registration is titled "Blaine Harrington III Photography 20110427-20110808 10,845 Unpublished Photos," which implies that it covers 10,845 photographs taken between April 27,

4

2011 and August 8, 2011, which is consistent with its 2011 date of creation. However, the Accused Work is a photograph taken in 2007. [Doc. 47, ¶2].

When Plaintiff was unable to provide a complete copy of the Asserted Registration's deposit material, Defendants requested a certified copy of the deposit material directly from the U.S. Copyright Office, along with a copy of the application as filed and any associated correspondence. [Doc. 47, ¶10]. The correspondence received from the Copyright Office includes several outbound email messages acknowledging receipt of "uploaded deposit." [Doc. 47, ¶12]. The files uploaded as deposit material for the application were:

1. 20110427_florida_3-1100.zip
2. 20110427_florida_3303-4303.zip
3. 20110427_florida_1101-2201.zip
4. 20110427_florida_2202-3202.zip
5. 20110427_florida_5305-5870.zip
6. 20110427_florida_4304-5304.zip
7. 20110514_alaska_0920-1839.zip
8. 20110514_alaska_1840-2760.zip
9. 20110514_alaska_0001-0919.zip
10. 20110514_alaska_2761-3681.zip
11. 20110720_ambasin_.zip
12. 20110703_denciv.zip
13. 20110808_dragonfly.zip
14. 20110725_blhills.zip

[Doc. 47, ¶12].

A copy of the deposit material was provided by the Copyright Office on a USB flash drive. [Doc. 47, ¶13]. The USB flash drive contained 14 .zip files, the names of which match those identified on the Copyright Office Correspondence. [Doc. 47, ¶14]. Upon extracting the contents of the .zip files, there is a total of 10,845 files, consistent with the title of the Asserted Registration. [Doc. 47, ¶¶16-17]. The names of the 10,845 files each begin with "2011," which is consistent with the title of the Asserted Registration and its year of creation. [Doc. 47, ¶17]. The file "20070624_hawaii_0066" is not included in the deposit material for the Asserted Registration. [Doc. 47, ¶18].

Plaintiff has failed to identify a copyright registration for the Asserted Work. Because registration is a prerequisite to instituting an action for copyright infringement, Plaintiff's claim must fail as a matter of law.

## IV. DEFENDANTS' ARE ENTITLED TO THEIR ATTORNEY'S FEES AS THE PREVAILING PARTY

### A. Applicable Law

The prevailing party on a copyright infringement claim may be awarded reasonable attorney's fees:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

Two restrictions are placed on the authority granted by Section 505. First, attorney's fees are a matter of the court's discretion. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533-534 (1994). Second, prevailing plaintiffs and prevailing defendants may not be treated differently. *Fogerty,* 510 U.S. at 534.

Most courts have observed that an award of fees and costs is 'the rule rather than the exception and [they] should be awarded routinely.'" *Arista Records, Inc. v. Beker Enters., Inc.,* 298 F. Supp. 2d 1310, 1316 (S.D. Fla. 2003). Section 505 "grants courts wide latitude to award attorney's fees based on the totality of circumstances in a case." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016).

"The Eleventh Circuit has emphasized that the 'only preconditions to an award of fees [under the Copyright Act] is that the party receiving the fee be the 'prevailing party' and that the fee be reasonable.'" *Medallion Homes Gulf Coast, Inc. v. Tivoli Homes of Sarasota, Inc.*, 2016 WL 5870215, at *1 (M.D. Fla. 2016), *citing Mitek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842 (11th Cir. 1999). In making a determination of whether a party is entitled to attorney's fees under § 505, courts "should consider ... whether the imposition of fees will further the goals of the Copyright Act." *MiTek Holdings*, 198 F.3d at 842. Fees should be awarded to "encourag[e] the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure 'the boundaries of copyright law [are] demarcated as clearly as possible' in order to maximize the public exposure to valuable work." *Id.* at 842–43 (*quoting Fogerty*, 510 U.S. at 526–27).

The four non-exclusive factors of "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case)[,] and the need in particular circumstances to advance considerations of compensation and deterrence" set forth in *Fogerty* are utilized to determine whether to award attorney's fees in a copyright action. *Fogerty,* 510 U.S. at 534 n.19, citing *Lieb v. Topstone Industries, Inc.,* 788 F.2d 151, 156 (1986).

In *Kirtsaeng*, the U.S. Supreme Court confirmed the utility of the four "nonexclusive factors" noted in *Fogerty*. The Court then held that the objective unreasonableness of the losing

7

party's position in litigation is "an important factor" that "carries significant weight" or "substantial weight." *Kirtsaeng*, 136 S. Ct. at 1989. The heightened weight of this factor encourages parties with strong legal positions to stand on their rights, and any party with a weak position may be deterred by the specter of having to pay two sets of fees. *Id.,* at 1982.

Objective unreasonableness is only a "substantial factor … not the controlling one," and courts "must view all the circumstances of a case on their own terms, in light of the Copyright Act's essential goals." *Id.,* at 1988-1989. Even if the losing party's conduct is reasonable, there is no presumption against fees. *Id.,* at 1983. Fees may be awarded to a prevailing party even when a reasonable claim or defense was advanced by the losing party. *Id.*, at 1983. The Supreme Court specifically identified two instances in which other factors might tilt the balance: (1) litigation misconduct, and (2) when the plaintiff has been overaggressive in asserting copyright claims or the defendant has been involved in "repeated instances of copyright infringement." *Id.,* at 1988-1989. In these instances, the court may grant a fee award against a losing party even if it had a reasonable argument.

As to the frivolousness and motivation factors, in copyright cases, frivolousness "is usually found in cases in which the claimant does not even own the copyright in question or has granted a license to the alleged infringer but sues for infringement nonetheless." *Medallion,* 2061 L 5870215, at *2, *citing Dream Custom Homes, Inc. v. Modern Day Const., Inc.,* 2011 WL 776499, at *7 (M.D. Fla. 2011); *see also Amadasun v. Dreamworks, LLC,* 359 F. Supp. 2d 1367, 1373 (N.D. Ga. 2005)(finding the plaintiff's claim was frivolous because it was based on works that were not entitled to copyright protection). A lack of frivolousness does not preclude an award of attorney's fees. *Dream Custom Homes,* 2011 WL 7764999, at *7; *see also Sherry Mfg. Co. v. Towel King of Fla., Inc.*, 822 F.2d 1031, 1034 (11th Cir. 1987). The Eleventh Circuit has

further held that "good faith in bringing ... suit [i]s not determinative of the issue of attorney's fees." *Home Design Servs., Inc.*, 2017 WL 3687665, at *3, *quoting MiTek Holdings, Inc.*, 198 F.3d at 842.

The final factor for consideration is whether the imposition of attorney's fees will "further the goals of the Copyright Act, i.e., by encouraging the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure that the boundaries of copyright law are demarcated as clearly as possible." *InDyne, Inc. v. Abacus Tech. Corp.*, 587 Fed. Appx. 552, 554 (11th Cir. 2014) (*quoting Mitek Holdings*, 198 F.3d at 842–43). "The purposes of the copyright laws are served only when parties 'litigate meritorious' arguments". *Dawes-Ordonez v. Forman*, 418 Fed. Appx. 819, 821 (11th Cir. 2011)(*quoting Fogerty*, 510 U.S. at 527). An award of fees is appropriate when a party advances an unreasonable infringement claim and best serves the purpose of the Copyright Act. *Medallion Homes,* 2016 WL 5870215, *4. "When the prevailing party is the defendant, who by definition receives not a small award but no award, the presumption in favor of awarding fees is very strong. Without the prospect of such an award the party might be forced into a nuisance settlement or deterred altogether from exercising his rights." *Dream Custom Homes*, 2011 WL 7764999, at *10 (*quoting Diamond Star Bldg. Corp. v. Freed*, 30 F.3d 503, 506 (4th Cir. 1994)).

### B.    Application of Law to Facts

If this Court enters summary judgment in Defendants' favor on Plaintiff's copyright infringement claim, Defendants' are the prevailing party under 17 U.S.C. § 505, and request an award of their attorney's fees and costs incurred in defending against this matter. Defendants are entitled to their fees because Plaintiff has asserted an objectively unreasonable and frivolous claim of copyright infringement based upon a copyright registration that does not cover the work alleged to be infringed. Defendants are further entitled to their attorney's fees because it will

further the goal of the Copyright Act in deterring plaintiffs from bringing suit on unregistered works.

## V. CONCLUSION

WHEREFORE, Defendants, MOBOX MARINE, LLC and CONNEX SOCIAL, LLC dba CONNEX DIGITAL MARKETING, respectfully request that their Motion for Summary Judgment, be granted, together with an award of attorney's fees, and all such other and further relief as the Court deems just and proper.

Dated this 3rd day of January, 2019.

**WOODS, WEIDENMILLER, MICHETTI & RUDNICK, LLP**

By:     */s/ Gregory N. Woods*
Gregory N. Woods
Florida Bar No. 175500
9045 Strada Stell Court, Suite 400
Naples, FL 34109
(239) 325-4070 – Telephone
(239) 325-4080 – Facsimile
gwoods@lawfirmnaples.com
mdipalma@lawfirmnaples.com
service@lawfirmnaples.com

G. Thomas Williams
Michigan Bar No. P53734
*Pro Hac Vice*
pleadings@mcgarrybair.com
**McGarry Bair PC**
45 Ottawa Ave. SW, Suite 700
Grand Rapids, MI 49503
(616) 742-3500 – Telephone
(616) 742-1010 – Facsimile

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing has been filed with the Clerk of Court via the CM/ECF System, on this 3rd day of January, 2019, which will send notification to the following counsel of record:

Joel B. Rothman, Esq.
Alexander C. Cohen, Esq.
Schneider Rothman Intellectual Property
Law Group, PLLC.
4651 North Federal Highway
Boca Raton, FL 33431
joel.rothman@sriplaw.com
Alex.cohen@sriplaw.com

**WOODS, WEIDENMILLER, MICHETTI & RUDNICK, LLP**

By:  */s/ Gregory N. Wood*
Gregory N. Woods
Florida Bar No. 175500
9045 Strada Stell Court, Suite 400
Naples, FL 34109
(239) 325-4070 – Telephone
(239) 325-4080 – Facsimile
gwoods@lawfirmnaples.com
mdipalma@lawfirmnaples.com
service@lawfirmnaples.com