**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

BLAINE G. HARRINGTON III,

       Plaintiff,

                                                  Case No. 0:18-cv-61791

vs.

MOBOX MARINE, LLC and CONNEX
SOCIAL, LLC dba CONNEX DIGITAL
MARKETING,

       Defendant.
_____/

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Defendants, MOBOX MARINE, LLC and CONNEX SOCIAL, LLC dba CONNEX DIGITAL MARKETING (hereinafter collectively "Defendants"), by and through their undersigned counsel, hereby respond to the Motion for Leave to Amend Complaint filed by Plaintiff, BLAINE G. HARRINGTON, III (hereinafter "Plaintiff").

**INTRODUCTION**

Plaintiff has requested an amendment to Count I of its Complaint, a claim on which Defendants have already moved for Summary Judgment. For that reason and because this Court has the discretion to award the prevailing party its attorneys' fees pursuant to 17 U.S.C. § 505, Defendants object to the matter in which Plaintiff proposes to amend its complaint because it would effectively moot Defendants' motion. However, if this Court wishes to award Defendants their attorney's fees to date because of the months-long "mistake" that Plaintiff and its counsel inflicted on Defendants, then Defendants would not object to the amendment and the mooting of its motion. In addition, if this Court allows Plaintiff to add an additional count for copyright infringement under the "correct" registration asserted by Plaintiff, Defendants would not object

to that amendment either. Defendants do object to the filing of an Amended Complaint that merely amends Count I and does not leave original Count I in place and add a new Count II in an attempt to avoid the attorneys' fees consequences for asserting the wrong registration against Defendants and causing it thousands of dollars in fees and out-of-pocket expenses. Plaintiff's Motion for Leave to Amend is simply an effort to avoid an adverse ruling on Defendants' Motion for Summary Judgment. Importantly, however, this is not a case in which Plaintiff has simply added additional facts to avoid summary judgment. Rather, Plaintiff is attempting to essentially dismiss Count I and replace it with an entirely different claim based upon a different copyright registration. This is not the type of amendment that is appropriate to avoid summary judgment and the resulting imposition of attorneys' fees and costs.

## BACKGROUND

1.      Plaintiff asserted a claim of copyright infringement against Defendants based upon Defendants' alleged use in a single blog post of a photograph taken by Plaintiff in 2007 named "20070624_hawaii_0066" [Doc. 1, ¶13].

2.      On December 29, 2017, Plaintiff's counsel wrote to Defendants and identified, for the first time (after asserting copyright infringement against Defendants for 4 months), the copyright registration number as VAu 1-077-015, registered on August 29, 2011 ("the Asserted Registration"). [Doc. 1-3, page 3 of 8]. This correspondence did not include a copy of the copyright registration or identify the title of the registration. [Doc. 1-3].

3.      The undersigned reached out to Plaintiff's counsel on May 18, 2018, requesting a copy of the copyright registration at issue and the associated deposit material. [Doc. 20-3].[1]

---

[1] When registering an unpublished work, a copyright registration application shall include "one complete copy or phonorecord." 17 U.S.C. § 408(b)(1). "A "complete copy" of an unpublished work is "a copy that represents the complete copyrightable content of the work being registered.

4. A response to Defendants' correspondence was not received, and this suit was filed on August 2, 2018.[2] Included as Exhibit 1 to the Complaint was a screen print of registration information for VAu 1-077-015 from the Copyright Office website:

```
       Type of Work: Visual Material
Registration Number / Date: VAu001077015 / 2011-08-29
   Application Title: Blaine Harrington III Photography 20110427-20110808 10,845 Unpublished Photos.
              Title: Blaine Harrington III Photography 20110427-20110808 10,845 Unpublished Photos.
        Description: Electronic file (eService)
  Copyright Claimant: Blaine Harrington III. Address: 7533 South Overlook Way, Littleton, CO, 80128,
                     United States.
    Date of Creation: 2011
```

[Doc. 1-1].

5. The title of the work for Copyright Registration VAu 1-077-015 is indicated as "Blaine Harrington III Photography 20110427-20110808 10,845 Unpublished Photos." [Doc. 1-1].

6. After receiving the Complaint, Defendants' counsel reached out to Plaintiff's counsel on September 14, 2018, and again requested a copy of the deposit material for the copyright registration. [Doc. 20-4].

7. On October 3, 2018, Plaintiff's counsel replied, provided a single photograph, and identified it as "the deposit material being asserted." [Doc. 20-5].

8. When asked for a complete copy of the deposit materials, believed to be 10,845 photographs, Plaintiff's counsel replied that he did not have the full deposit material available, and that Defendants counsel should request the materials directly from the Copyright Office (for a fee). [Doc. 20-6].

---

… The copies deposited for registration should be physically undamaged." *Copyright Office Circular 40(a)*.

[2] Plaintiff's counsel later claimed that the May 18 email from Defendants' counsel was never received.

9. Defendants contacted the Copyright Office and requested an expedited copy of the deposit material, which request was processed by the Copyright Office on October 17, 2018. [Doc. 20-7].

10. On November 30, 2018, and in response to Plaintiff's Motion to Strike Affirmative Defenses, Defendants explicitly stated that they believed the "20070624_hawaii_0066" file was not included in the Asserted Registration. [Doc. 20].

11. On December 10, 2018, Defendants' counsel received their certified copy of the Asserted Registration, deposit material, and associated correspondence.

12. The file "20070624_hawaii_0066" is not included in the deposit material for the Asserted Registration. [Doc. 37, ¶8, Doc. 37-8, Exhibit H], [Docs. 39-47, Exhibit I, Parts 1-18].

13. On December 14, 2018, Defendants served their Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) and served Plaintiff with a complete copy of the certified copy of the Asserted Registration, deposit material, and associated correspondence received from the Copyright Office.

14. On December 26, 2018, Defendants began the process of filing their Motion for Summary Judgment and supporting documents. [Doc. 24].

15. Shortly after beginning its filings, Defendants' counsel was contacted by Plaintiff's counsel who advised that "It has come to my attention that our client accidentally provided the incorrect certificate of registration to us, and thus will be seeking to amend the complaint. I am working on getting together the correct documentation and will be in touch with you shortly." **Exhibit A¸** *December 26, 2018, email.*

16. Plaintiff's counsel did not identify the correct copyright registration, and did not provide a copy of it or the associated deposit material. *Id.*

17. Plaintiff's counsel did not request a response to his email, or provide any details as to how the Complaint would be amended. *Id.*

18. Defendants completed the filing of their Motion for Summary Judgment and associated documents on December 26, 2018. [Docs. 26-35].

19. On January 3, 2018, this Court struck Defendants' filings for failing "to comply with the Court's directions for how to file and reference documents in summary-judgment motions." [Doc. 36]. Defendants were ordered to re-file their motion with correct citations on or before January 9, 2019. *Id.*

20. Defendants promptly worked to appropriately revise the documents and begin the re-submission process.

21. The same day, Plaintiff's counsel reached out and advised that he intended to file a motion for leave to amend the complaint, but still did not identify the new copyright registration upon which Plaintiff intended to rely. ***Exhibit A,*** *January 3, 2019, at 1:04 PM email.*

22. Defendants' counsel indicated that Defendants would object to Plaintiff's motion if it simply replaced the original Count I with a different claim. ***Exhibit A,*** *January 3, 2019, at 1:23 PM email.*

23. Ten minutes later, Plaintiff's counsel then supplied Defendants' counsel with the proposed Amended Complaint, including an identification of the newly asserted copyright registration, and a link to download the associated deposit material. ***Exhibit A,*** *January 3, 2019, at 1:32 PM email.* Plaintiff's counsel requested a response by 2 PM so it could file its Motion for Leave to Amend.

24. While reviewing the proposed Amended Complaint, Defendants began the process of re-submitting their Motion for Summary Judgment [Doc. 37] and supporting documents [Docs. 39-51].

25. Less than 10 minutes after receiving the proposed Amended Complaint, and before the 2 PM response deadline, Defendants' counsel received a notice that Plaintiff had filed its Motion for Leave to Amend the complaint [Doc. 38].

26. In their Motion for Leave to Amend the Complaint, Plaintiff states "During review of the Complaint, Harrington discovered that he filed the incorrect Certificate of Registration at Exhibit 1 for the Work at issue in this case." [Doc. 38, ¶4].

27. Plaintiff does not identify when Harrington made this discovery. *Id.*

## ARGUMENT

**APPLICABLE LAW**

Leave to amend is within the discretion of a district court, but "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." *Local 472 of United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Canada v. Ga. Power Co.*, 684 F.2d 721, 724 (11th Cir. 1982) (*citing Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)).

**APPLICATION OF LAW TO FACTS**

Plaintiff moves this Court under Fed. R. Civ. P. 15(a) for leave to amend its complaint to because Plaintiff "accidentally attached the incorrect Certificate of Registration to his Complaint." [Doc. 38, p. 2]. Plaintiff claims that its motion "will not cause prejudice to any party" and "[t]here is no undue delay because Harrington only recently became aware of his

error and is timely filing this Motion after completing the requisite investigation." [Doc. 38, p. 3].

Defendants respectfully submit that the issue not simply that the incorrect Certificate of Registration was attached to the Complaint. In actuality, Plaintiff identified the Asserted Registration as early as its December 29, 2017, correspondence. Plaintiff continued to pursue its claim that the Asserted Registration was infringed when it filed the Complaint on August 2, 2018, over eight months later. Through October 2018, Defendants continued to request copies of the deposit material associated with the Asserted Registration so they could verify that the "20070624_hawaii_0066" file was included in it, but were told that Plaintiff did not have access to the deposit material as a whole, but could provide the "20070624_hawaii_0066" individual file. Instead, Plaintiff's counsel directed Defendants to the Copyright Office, where they could obtain a copy of the deposit material on their own "for a fee," which Defendants did do, at a significant cost to them. During the parties Rule 26(f) conference call on November 27, 2018, Defendants' counsel advised Plaintiff's counsel of their position that the Asserted Work is not part of the Accused Registration. On November 30, 2018, Defendants explicitly identified their allegation that the Asserted Work is not covered by the Accused Registration. [Doc. 20].

On December 14, 2018, Defendants provided Plaintiff with the documentation that clearly shows the "20070624_hawaii_0066" file is not part of the Asserted Registration, creating a fatal flaw in Plaintiff's case. Defendants immediately undertook to prepare and file a Motion for Summary Judgment, including a request for attorney's fees as the prevailing party, because this Court has no subject matter jurisdiction to hear a copyright infringement claim on an unregistered work. It was only after Defendants began their Summary Judgment filings on December 26, 2018, that Plaintiff's counsel reached out and advised that the wrong copyright

registration was pled. Hours after Defendants' Motion for Summary Judgment was stricken for informalities (with leave to re-file), Plaintiff's counsel reached out seeking consent to their Motion for Leave to File an Amended Complaint, but still did not provide the new registration number, deposit material, or proposed amended complaint for review and consideration.

As previously advised to Plaintiff's counsel, Defendants do not oppose allowing Plaintiff to amend its Complaint to include an additional allegation of copyright infringement. However, Defendants do oppose allowing Plaintiff to merely replace one allegation of copyright infringement (original Count I) with a new one (amended Count I). Plaintiff would have this Court believe that it made a simple error in identifying the copyright registration at issue in this litigation. In actuality, Plaintiff's failure to properly verify the claims it was making to this Court has cost Defendants thousands of dollars in legal fees and expenses. Defendants submit that granting Plaintiff leave to file its Amended Complaint in its current form would render Defendants' Motion for Summary Judgment moot, at great detriment to Defendants. Plaintiff should not be allowed to profit from the work done by Defendants. Allowing Plaintiff to instead amend its complaint by adding a second count of copyright infringement will not cause any harm to Plaintiff.

## CONCLUSION

Defendants request that: (1) this Court enter an order allowing Plaintiff to file an Amended Complaint including Count I as originally pled, and adding a new Count II, alleging infringement of the newly identified copyright registration; (2) their Motion for Summary Judgement be granted as to Count I because, by Plaintiff's own admission, the Asserted Registration identified in the Complaint is not infringed; and (3) they be awarded their attorney's fees and expenses, and any other such relief as may be appropriate, for defending against and prevailing on Plaintiff's original Count I.

**WOODS, WEIDENMILLER, MICHETTI & RUDNICK, LLP**

January 17, 2019     By:     */s/ Gregory N. Woods*
Gregory N. Woods
Florida Bar No. 175500
9045 Strada Stell Court, Suite 400
Naples, FL 34109
(239) 325-4070 – Telephone
(239) 325-4080 – Facsimile
gwoods@lawfirmnaples.com
mdipalma@lawfirmnaples.com
service@lawfirmnaples.com

G. Thomas Williams
Michigan Bar No. P53734
*Pro Hac Vice*
pleadings@mcgarrybair.com
**McGarry Bair PC**
45 Ottawa Ave. SW, Suite 700
Grand Rapids, MI 49503
(616) 742-3500 – Telephone
(616) 742-1010 – Facsimile