UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 1:18-cv-61791-RNS

BLAINE HARRINGTON III,

    Plaintiff,

v.

MOBOX MARINE, LLC AND CONNEX SOCIAL LLC DBA CONNEX DIGITAL MARKETING,

    Defendants.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff BLAINE HARRINGTON III ("Harrington"), by and through his undersigned counsel, and pursuant to Fed. R. Civ. P. 56 hereby files this Opposition to Defendants' Motion for Summary Judgment and Incorporated Memorandum of Law, and in support thereof states as follows:

## I. Introduction

Harrington made a mistake. It was a clerical error, and an easy one to make. He accidentally attached the wrong Certificate of Registration to the Complaint. Upon discovery, Harrington quickly filed a timely Motion for Leave to Amend the Complaint [DE 38], which is currently pending.[1]

---

[1] Harrington's Amended Complaint moots the Defendants' Motion for Summary Judgment in its entirety. See *Mendez v. Jarden Corp.*, 2011 U.S. Dist. LEXIS 161266 at *2-3 (S.D. Fla. Mar. 16, 2011) (citing *Taylor v. Alabama*, 275 Fed. App'x 836 at *2 (11th Cir. 2008); *Pierce v. City of Miami*, 176 Fed. App'x 12 at *1 (11th Cir. 2006)).

**SRIPLAW, PLLC**
21301 POWERLINE ROAD, SUITE 100, BOCA RATON, FL  33433

The Defendants are trying to capitalize on Harrington's simple mistake by filing a premature motion for summary judgment and improperly moving for fees to which they are not entitled to. Defendants are attempting to play "gotcha" games. This is not fair and should be discouraged.

Defendants know they stole Harrington's Work. Rather than accept responsibility for their actions, they are deflecting blame and multiplying this litigation in a vexatious and frivolous manner to try to get Harrington to abandon his legitimate claim.

Nevertheless, the Defendants' Motion for Summary Judgment still fails as a matter of law and should be denied.

##        II.        Factual Background

While Harrington and the Defendants agree on nearly all of the facts of this case, the Defendants omit several crucial facts that are fatal to their motion. This is due in large part by the Defendants' rush to file their premature motion. Defendants failed to propound any discovery upon Harrington or depose him, and counsel for Defendants' has refused to constructively engage with counsel for Harrington on any issues of substance. If the Defendants had done so and not prematurely rushed to file, they would have discovered the facts sink their motion and avoided this unnecessary waste of time and resources. The pertinent additional facts are as follows:

1.        Harrington is a professional photographer who makes a living from his photography. [Harrington Declaration "Harrington Decl.", ¶ 2].

2.        In his forty-year career, he has won numerous awards for his work, including the 2005 and 2006 SATW Travel Photographer of the Year award. [Harrington Decl., ¶ 2].

3. Throughout his professional career, Harrington has taken hundreds of thousands of photographs professionally. [Harrington Decl., ¶ 3].

4. One such photograph was taken by Harrington on June 24, 2007 and is titled "20070624_hawaii_0066" (the "Work") and pictured below. [Harrington Decl., ¶ 6].



5. Harrington registered the Work with the Register of Copyrights on April 26, 2011 and was assigned registration number VA 1-775-610. [Harrington Decl., ¶ 7, Ex. 1].

6. Certificate of Registration VA 1-775-610 is for a group registration of photographs created in 2007 and published in 2011. [Harrington Decl., ¶ 8, Ex. 1].

7. Harrington has registered over seventy thousand photographs with the U.S. Copyright Office and holds approximately forty Certificates of Registration for his works. [Harrington Decl., ¶ 4].

8. While Harrington does his best to keep accurate records of all his photographs and copyright registrations, he is not perfect and sometimes makes mistakes. [Harrington Decl., ¶ 5].

9. Before the Complaint was filed, Harrington researched the registration for the Work, but instead of identifying registration VA 1-775-610, he inadvertently identified VAu 1-077-015 as applicable. [Harrington Decl., ¶ 10].

10. Registration VAu 1-077-015 is also a group registration of photographs. [Harrington Decl., ¶ 11].

11. Registration VAu 1-077-015 consists of 10,845 unpublished photographs and was also registered in 2011. [Harrington Decl., ¶ 11].

12. During Harrington's review of documents during this case, he discovered that he had inadvertently identified the incorrect Certificate of Registration with the Complaint. [Harrington Decl., ¶ 15].

13. Harrington mistakenly provided his counsel with the incorrect registration, VAu 1-077-015, instead of the correct registration, VA 1-775-610. [Harrington Decl., ¶ 12].

14. This happened because both registrations were for groups of unpublished photographs, registered in 2011, and contained very similar registration numbers. [Harrington Decl., ¶ 12].

15. Harrington misplaced the deposit material for both registrations. [Harrington Decl., ¶ 13].

16. As a result, he was unable to provide the deposit materials to his counsel to check against the registration until he later found them. [Harrington Decl., ¶ 13].

17. Upon a further review of his records after becoming aware of the mistake, Harrington identified the correct Certificate of Registration for the Work and provided a copy to his counsel, who immediately provided it to counsel for the Defendants along with a complete copy of the entire deposit material in Harrington's possession. [Harrington Decl., ¶ 16].

18.     Crucially, at the time the Complaint was filed, the Work was registered with the U.S. Copyright Office. [Harrington Decl., ¶ 14, Ex. 1; DE 1].

### III.    Procedural Background

The Complaint in this case was filed on August 2, 2018. [DE 1]. The Defendants filed their Answer on October 18, 2018. [DE 15]. The Court entered its Scheduling Order on December 12, 2018 and set the deadline for the amendment of pleadings as January 16, 2018. [DE 23].

Harrington first notified the Defendant of his intent to amend the Complaint on December 26, 2018 but did not receive a response. [DE 38, pg. 2]. Rather, immediately thereafter, the Defendants filed their first Motion for Summary Judgment [DE 34], which was stricken for failure to comply with the Court's Rules with leave to refile. [DE 36].

After the Court struck the Defendants' Motion, Harrington again notified the Defendants of his intent to amend his Complaint, provided the Defendants with a copy of the proposed Amended Complaint, correct Certificate of Registration, and deposit material. [DE 52-1, Ex. A, pg. 2]. Defendants objected to the relief sought and Harrington then filed his Motion for Leave to Amend the Complaint on January 3, 2019. [DE 38]. Again, immediately after Harrington's request, the Defendants refiled their Motion for Summary Judgment [DE 49], and on January 4, 2019 filed a Corrected Motion for Summary Judgment [DE 51], notwithstanding Harrington's pending Motion for Leave to Amend. [DE 38].

### IV.    Memorandum of Law

A. <u>Harrington's Proposed Amended Complaint Moots Defendants' Motion</u>

Harrington incorporates by reference his timely filed Motion for Leave to Amend the Complaint and respectfully prays that the Court allow him to amend as justice so requires. [DE

38]. "The filing of an amended complaint renders a Motion for Summary Judgment on the original complaint moot." *Mendez*, 2011 U.S. Dist. LEXIS 161266 at *2 (citations omitted).[2]

    B. <u>Defendants Are Not Entitled to Summary Judgment as a Matter of Law</u>

Defendants' entire argument is only two sentences long, simply stating that "Plaintiff has failed to identify a copyright registration for the Asserted Work. Because registration is a prerequisite to instituting an action for copyright infringement, Plaintiff's claim must fail as a matter of law." [DE 51, pg. 6].

Defendants' argument fails because (1) Harrington has identified a copyright registration for the Work; and (2) Harrington has registered the Work and thus satisfied 17 U.S.C. § 411(a).

    *1. Harrington has identified a copyright registration for the Work*

On January 3, 2019, in Harrington's Motion for Leave to Amend the Complaint, he identified the proper Certificate of Registration for the Work as VA 1-775-610 and provided a copy of the Certificate of Registration for the record. [DE 38, Ex. 1, pg. 8]. Harrington also identified the correct Certificate of Registration in his Declaration filed concurrently with this Opposition. [Harrington Decl., ¶ 7, Ex. 1].

To establish a prima facie case of copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). Harrington's Certificate of Registration VA 1-775-610 is *prima facie* evidence of the validity of his copyright in the Work and satisfies his burden under the first prong of *Feist*. See 17 U.S.C. § 410(c); *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1233 (11th Cir. 2010). *Feist's* second prong is not at issue in Defendants' Motion.

---

[2] Defendants themselves admit that Harrington's Amended Complaint would moot their Motion for Summary Judgment. [DE 52, pg. 8].

"Once the plaintiff produces a certificate of registration, the burden shifts to the defendant to establish that 'the work in which copyright is claimed is unprotectable (for lack of originality)'" *Latimer,* 601 F.3d at 1233 (quoting *Bateman v. Mnemonics, Inc*., 79 F.3d 1532, 1541 (11th Cir. 1996). The Defendants have done nothing to rebut the presumption of validity of Harrington's VA 1-775-610 Certificate of Registration.

2. *Harrington has complied with 17 U.S.C. § 411(a)*

Under the Copyright Act, Harrington may institute a civil suit for copyright infringement once "registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). To make registration "in accordance with" the Copyright Act, the owner of the copyright must "deliver to the Copyright Office the deposit specified by this section, together with the application and fee specified by sections 409 and 708." 17 U.S.C. § 408(a).

Harrington registered the Work with the U.S. Copyright Office on April 26, 2011 and received Certificate of Registration No. VA 1-775-610. [DE 38, Ex. 1, pg. 8; Harrington Decl., ¶ 7]. By nature of receiving the Certificate of Registration from the U.S. Copyright Office, Harrington has shown that he has complied with the registration requirement. See 17 U.S.C. §§ 410(a) and (c). There is no factual or legal basis to grant summary judgment on behalf of the Defendants.

C. <u>The Defendants Are Not Entitled to Attorney's Fees Because They Have Failed to Comply with Local Rule 7.3</u>

S.D. Fla. L.R. 7.3 "provides a mechanism to assist parties in resolving attorneys fees and costs disputes by agreement." S.D. Fla. L.R. 7.3. "A motion for an award of attorneys' fees and/or non-taxable expenses and costs arising from the entry of a final judgment or order shall not be filed until a good faith effort to resolve the motion, as described in paragraph (b) below, has been completed." S.D. Fla. L.R. 7.3.

Further, the S.D. Fla. L.R. 7.3 requires that "the motion shall:

> (1) be filed within sixty (60) days of the entry of the final judgment or order giving rise to the claim, regardless of the prospect or pendency of supplemental review or appellate proceedings;
> (2) identify the judgment or other order which gives rise to the motion, as well as the statute, rule, or other grounds entitling the moving party to the award;
> (3) state the amount sought;
> (4) disclose the terms of any applicable fee agreement;
> (5) provide:
>> (A) the identity, experience, and qualifications for each timekeeper for whom fees are sought;
>> (B) the number of hours reasonably expended by each such timekeeper;
>> (C) a description of the tasks done during those hours; and
>> (D) the hourly rate(s)claimed for each timekeeper;
> (6) describe and document with invoices all incurred and claimed fees and expenses not taxable under 28 U.S.C. § 1920;
> (7) be verified; and
> (8) certify that a good faith effort to resolve issues by agreement occurred pursuant to Local Rule 7.3(b), describing what was and was not resolved by agreement and addressing separately the issues of entitlement to fees and amount."

S.D. Fla. L.R. 7.3.

There are a multitude of problems with Defendants' fee motion. First, the Defendants motion is premature because there has not been a final judgment or order. Second, the Defendants have failed to comply with the Rule because they have failed to make a good faith effort to resolve the motion. Third, the Defendants have not complied with any of the eight (8) other requirements of the Rule. Thus, the Defendants Motion should be denied.

### V. Conclusion

For the reasons states above, the Defendants' Motion should be denied. In addition, Harrington should be granted leave to amend his Complaint to cure the inadvertent deficiency.

Dated:  January 18, 2019                    Respectfully submitted,

>  */s/  Alexander C. Cohen*
>  JOEL B. ROTHMAN
>  Florida Bar Number 98220
>  joel.rothman@sriplaw.com
>  ALEXANDER C. COHEN
>  Florida Bar Number 1002715
>  alex.cohen@sriplaw.com
>
>  **SRIPLAW, PLLC**
>  21301 Powerline Road
>  Suite 100
>  Boca Raton, FL  33433
>  561.404.4350 – Telephone
>  561.404.4353 – Facsimile
>
>  *Counsel for Plaintiff Blaine Harrington III*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on January 18, 2019, a true and correct copy of the foregoing document was served by electronic mail by the Court's CM/ECF System to all parties listed below on the Service List.

>  */s/  Alexander C. Cohen*
>  ALEXANDER C. COHEN

## SERVICE LIST

Mr. G. Thomas Williams
McGarry Bair PC
45 Ottawa Avenue SW
Suite 700
Grand Rapids, MI 49503
gtw@mcgarrybair.com

Mr. Gregory N. Woods
Woods, Weidenmiller, MIchetti & Rudnick, LLP
9045 Strada Stell Court
Suite 400
Naples, FL 34109
gwoods@lawfirmnaples.com

Attorneys for Defendants